1 | Todd Espinosa (SBN 209591)
Law Office of Todd Espinosa
2 | 2000 Broadway Street, Suite 333
Redwood City, California 94063
3 | 650-241-3873 telephone
650-409-2550 facsimile
4 | tie@toddespinosalaw.com
*Attorney for Plaintiffs Scott Bischoff,*
5 | *Leron Dempsey and Project Sentinel, Inc.*

David D. MacMillan
The Costa Law Firm
2489 Sunrise Boulevard, Suite A
Gold River, CA 95670
Telephone: (916) 400-2734
Facsimile: (916) 400-2744
Email: ddm@costalaw.net
*Attorney for Defendants Sandra Brittain,*
*Keith Johnson, RZM Investments Enterprise,*
*LLC and J.A. Brittain, Limited*

6

7

8

9

UNITED STATES DISTRICT COURT

10

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12 | SCOTT BISCHOFF; LERON DEMPSEY; and
PROJECT SENTINEL, INC.,

Case No. 2:14-cv-01970-KJM-CKD

13

**STIPULATION AND PROTECTIVE ORDER**

Plaintiffs,

14

15 | v.

Before: Hon. Carolyn K. Delaney

16 | SANDRA BRITTAIN; KEITH JOHNSON;
RZM INVESTMENTS ENTERPRISE, LLC;
and J.A. BRITTAIN, LIMITED,

17

Defendants.

18

19

20

21

22

23

24

BISCHOFF, et al. v. BRITTAIN, et al., CASE NO. 2:14-cv-01970-KJM-CKD
STIPULATION AND PROTECTIVE ORDER

1    1.       <u>PURPOSES AND LIMITATIONS</u>

2          Disclosure and discovery activity in this action are likely to involve production of

3   confidential or private information for which special protection from public disclosure and from

4   use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the

5   parties hereby stipulate to and petition the Court to enter the following Stipulated Protective

6   Order. The parties acknowledge that this Order does not confer blanket protections on all

7   disclosures or responses to discovery and that the protection it affords from public disclosure and

8   use extends only to the limited information or items that are entitled to confidential treatment

9   under the applicable legal principles. The parties further acknowledge that this Stipulated

10   Protective Order does not entitle them to file confidential information under seal. General Local

11   Rules 140 and 141 and the Court's Status (Pretrial Scheduling) Order (ECF No. 42) set forth the

12   procedures that must be followed for the sealing and redaction of documents.

13    2.       <u>DEFINITIONS</u>

14         2.1     <u>Challenging Party</u>: a Party that challenges the designation of information or items

15   under this Order.

16         2.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is

17   generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

18   of Civil Procedure 26(c).

19         2.3     <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as

20   well as their support staff, employees and independent contractors).

21         2.4     <u>Designating Party</u>: a Party that designates information or items that it produces in

22   disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

23   – ATTORNEYS' EYES ONLY."

24

BISCHOFF, et al. v. BRITTAIN, et al., CASE NO. 2:14-cv-01970-KJM-CKD       Page 1
STIPULATION AND PROTECTIVE ORDER

2.5     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel to serve as an expert witness or as a consultant in this action.

2.7     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items should generally be limited to portions of documents, such as medical or health care records, credit check reports and background check reports, that contain extremely sensitive information pertaining to specifically identified natural persons or entities.

2.8     <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10     <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11     <u>Party</u>: any party to this action, including all of its officers, directors, employees,

BISCHOFF, et al. v. BRITTAIN, et al., CASE NO. 2:14-cv-01970-KJM-CKD     Page 2
STIPULATION AND PROTECTIVE ORDER

1    independent contractors, consultants, Experts, and Outside Counsel of Record (and their support

2    staffs).

3          2.12    Producing Party: a Party that produces Disclosure or Discovery Material in this

4    action.

5          2.13    Professional Vendors: persons or entities that provide litigation support services

6    (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

7    organizing, storing, or retrieving data in any form or medium) and their employees and

8    subcontractors.

9          2.14    Protected Material: any Disclosure or Discovery Material that is designated as

10    "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

11          2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a

12    Producing Party.

13    3.      SCOPE

14          The protections conferred by this Stipulation and Order cover not only Protected Material

15    (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

16    all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

17    conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

18    However, the protections conferred by this Stipulation and Order do not cover the following

19    information: (a) any information that is in the public domain at the time of disclosure to a

20    Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

21    a result of publication not involving a violation of this Order, including becoming part of the

22    public record through trial or otherwise; (b) any information known to the Receiving Party prior

23    to the disclosure or obtained by the Receiving Party after the disclosure from a source other than

24

1    the Designating Party's Protected Material; and (c) general or aggregated descriptions of

2    Protected Material. Any use of Protected Material at trial shall be governed by a separate

3    agreement or order.

4    4.      DURATION

5            Even after final disposition of this litigation, the confidentiality obligations imposed by

6    this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

7    order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

8    claims and defenses in this action, with or without prejudice or (2) final judgment herein after the

9    completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

10   including the time limits for filing any motions or applications for extension of time pursuant to

11   applicable law.

12   5.      DESIGNATING PROTECTED MATERIAL

13           5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party

14   that designates information or items for protection under this Order must take care to limit any

15   such designation to specific material that qualifies under the appropriate standards. To the extent

16   it is practical to do so, the Designating Party must designate for protection only those parts of

17   material, documents, items, or oral or written communications that qualify – so that other

18   portions of the material, documents, items, or communications for which protection is not

19   warranted are not swept unjustifiably within the ambit of this Order.

20           Mass, indiscriminate, or routinized designations are prohibited. Designations that are

21   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

22   unnecessarily encumber or retard the case development process or to impose unnecessary

23   expenses and burdens on other parties) expose the Designating Party to sanctions.

24

BISCHOFF, et al. v. BRITTAIN, et al., CASE NO. 2:14-cv-01970-KJM-CKD          Page 4
STIPULATION AND PROTECTIVE ORDER

1    If it comes to a Designating Party's attention that information or items that it designated

2    for protection do not qualify for protection at all or do not qualify for the level of protection

3    initially asserted, that Designating Party must promptly notify all other parties that it is

4    withdrawing the mistaken designation.

5    5.2    Manner and Timing of Designations. Except as otherwise provided in this Order

6    (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

7    Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

8    designated before the material is disclosed or produced.

9    Designation in conformity with this Order requires:

10   (a) for information in documentary form (e.g., paper or electronic documents, but

11   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

12   Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

13   EYES ONLY" to each page that contains protected material. If only a portion or portions of the

14   material on a page qualifies for protection, the Producing Party also must clearly identify the

15   protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

16   each portion, the level of protection being asserted.

17   (b) for testimony given in deposition or in other pretrial proceedings, that the

18   Designating Party identify on the record, before the close of the deposition, hearing, or other

19   proceeding, all protected testimony and specify the level of protection being asserted. When it is

20   impractical to identify separately each portion of testimony that is entitled to protection and it

21   appears that substantial portions of the testimony may qualify for protection, the Designating

22   Party may invoke on the record (before the deposition, hearing, or other proceeding is

23   concluded) a right to have up to 21 days to identify the specific portions of the testimony as to

24

BISCHOFF, et al. v. BRITTAIN, et al., CASE NO. 2:14-cv-01970-KJM-CKD          Page 5
STIPULATION AND PROTECTIVE ORDER

1   which protection is sought and to specify the level of protection being asserted. Only those

2   portions of the testimony that are appropriately designated for protection within the 21 days shall

3   be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating

4   Party may specify, at the deposition or up to 21 days afterwards if that period is properly

5   invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

6   CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7           Parties shall give the other parties notice if they reasonably expect a deposition, hearing

8   or other proceeding to include Protected Material so that the other parties can ensure that only

9   authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

10  (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

11  shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

12  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

13          Transcripts containing Protected Material shall have an obvious legend on the title page

14  that the transcript contains Protected Material, and the title page shall be followed by a list of all

15  pages (including line numbers as appropriate) that have been designated as Protected Material

16  and the level of protection being asserted by the Designating Party. The Designating Party shall

17  inform the court reporter of these requirements. Any transcript that is prepared before the

18  expiration of a 21-day period for designation shall be treated during that period as if it had been

19  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

20  otherwise agreed. After the expiration of that period, the transcript shall be treated only as

21  actually designated.

22                  (c) for information produced in some form other than documentary and for any

23  other tangible items, that the Producing Party affix in a prominent place on the exterior of the

24

BISCHOFF, et al. v. BRITTAIN, et al., CASE NO. 2:14-cv-01970-KJM-CKD          Page 6
STIPULATION AND PROTECTIVE ORDER

1    container or containers in which the information or item is stored the legend "CONFIDENTIAL"

2    or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions

3    of the information or item warrant protection, the Producing Party, to the extent practicable, shall

4    identify the protected portion(s) and specify the level of protection being asserted.

5          5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

6    designate qualified information or items does not, standing alone, waive the Designating Party's

7    right to secure protection under this Order for such material. Upon timely correction of a

8    designation, the Receiving Party must make reasonable efforts to assure that the material is

9    treated in accordance with the provisions of this Order.

10   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

11         6.1    Timing of Challenges. Any Party may challenge a designation of confidentiality

12   at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is

13   necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a

14   significant disruption or delay of the litigation, a Party does not waive its right to challenge a

15   confidentiality designation by electing not to mount a challenge promptly after the original

16   designation is disclosed.

17         6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution

18   process by providing written notice of each designation it is challenging and describing the basis

19   for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

20   notice must recite that the challenge to confidentiality is being made in accordance with this

21   specific paragraph of the Protective Order. Counsel for the parties shall attempt to resolve each

22   challenge in good faith and must begin the process by conferring in person or telephonically

23   within 14 days of the date of service of notice. In conferring, the Challenging Party must explain

24

BISCHOFF, et al. v. BRITTAIN, et al., CASE NO. 2:14-cv-01970-KJM-CKD          Page 7
STIPULATION AND PROTECTIVE ORDER

1   the basis for its belief that the confidentiality designation was not proper and must give the

2   Designating Party an opportunity to review the designated material, to reconsider the

3   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

4   designation. A Challenging Party may proceed to the next stage of the challenge process only if

5   it has engaged in this meet and confer process first or establishes that the Designating Party is

6   unwilling to participate in the meet and confer process in a timely manner.

7          6.3      Judicial Intervention. If the Parties cannot resolve a challenge without Court

8   intervention, the Designating Party shall file and serve a motion to retain confidentiality under

9   Civil Local Rule 251 (and in compliance with General Local Rules 140 or 141, if applicable)

10  within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the

11  meet and confer process will not resolve their dispute, whichever is earlier. Each such motion

12  must be accompanied by a competent declaration affirming that the movant has complied with

13  the meet and confer requirements imposed in the preceding paragraph. Failure by the

14  Designating Party to make such a motion including the required declaration within 21 days (or

15  14 days, if applicable) shall automatically waive the confidentiality designation for each

16  challenged designation. In addition, the Challenging Party may file a motion challenging a

17  confidentiality designation at any time if there is good cause for doing so, including a challenge

18  to the designation of a deposition transcript or any portions thereof. Any motion brought

19  pursuant to this provision must be accompanied by a competent declaration affirming that the

20  movant has complied with the meet and confer requirements imposed by the preceding

21  paragraph.

22          The burden of persuasion in any such challenge proceeding shall be on the Designating

23  Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

24

1   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

2   sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

3   file a motion to retain confidentiality as described above, all parties shall continue to afford the

4   material in question the level of protection to which it is entitled under the Producing Party's

5   designation until the Court rules on the challenge.

6   7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7       7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed

8   or produced by another Party in connection with this case only for prosecuting, defending,

9   investigating, or attempting to settle this litigation. Such Protected Material may be disclosed

10  only to the categories of persons and under the conditions described in this Order.

11      Protected Material must be stored and maintained by a Receiving Party in a secure

12  manner that ensures that access is limited to the persons authorized under this Order.

13  Transmission of Protected Material to a Professional Vendor for storage or delivery by that

14  Professional Vendor shall not constitute disclosure to that Professional Vendor.

15      7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

16  ordered by the Court or permitted in writing by the Designating Party, any information or item

17  designated "CONFIDENTIAL" may be disclosed only to:

18          (a) the Receiving Party;

19          (b) Outside Counsel of Record in this action, as well as employees and

20  independent contractors of said Outside Counsel of Record to whom it is reasonably necessary to

21  disclose the information for this litigation and who have signed the "Acknowledgment and

22  Agreement to Be Bound" that is attached hereto as Exhibit A;

23          (c) the officers, directors, independent contractors, and employees (including

24

1   House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

2   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3          (d) Experts to whom disclosure is reasonably necessary for this litigation and who

4   have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5          (e) the Court and its personnel;

6          (f) court reporters and their staff, professional jury or trial consultants, mock

7   jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation

8   and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9          (g) during their depositions, witnesses in the action to whom disclosure is

10  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

11  (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

12  Protected Material must be separately bound by the court reporter and may not be disclosed to

13  anyone except as permitted under this Stipulated Protective Order.

14         (h) the Designating Party and its officers, directors, independent contractors, and

15  employees; the author or recipient of a document containing the information; a custodian or other

16  person who otherwise possessed or knew the document or information; or a person or entity to

17  whom the document or information pertains.

18         7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

19  Information or Items. Unless otherwise ordered by the Court or permitted in writing by the

20  Designating Party, any information or item designated "HIGHLY CONFIDENTIAL –

21  ATTORNEYS' EYES ONLY" may be disclosed only to:

22         (a) Outside Counsel of Record in this action, as well as employees and

23  independent contractors of said Outside Counsel of Record to whom it is reasonably necessary to

24

BISCHOFF, et al. v. BRITTAIN, et al., CASE NO. 2:14-cv-01970-KJM-CKD          Page 10
STIPULATION AND PROTECTIVE ORDER

1    disclose the information for this litigation and who have signed the "Acknowledgment and

2    Agreement to Be Bound" that is attached hereto as Exhibit A;

3            (b) House Counsel to whom disclosure is reasonably necessary for this litigation

4    and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5            (c) Experts to whom disclosure is reasonably necessary for this litigation and who

6    have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7            (d) the Court and its personnel;

8            (e) court reporters and their staff, professional jury or trial consultants, mock

9    jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation

10    and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

11            (f) the Designating Party and its officers, directors, independent contractors, and

12    employees; the author or recipient of a document containing the information; a custodian or other

13    person who otherwise possessed or knew the document or information; or a person or entity to

14    whom the document or information pertains.

15    8.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

16            If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

17    Protected Material to any person or in any circumstance not authorized under this Stipulated

18    Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

19    Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of

20    the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

21    made of all the terms of this Order, and (d) request such person or persons to execute the

22    "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

23

24

BISCHOFF, et al. v. BRITTAIN, et al., CASE NO. 2:14-cv-01970-KJM-CKD       Page 11
STIPULATION AND PROTECTIVE ORDER

1    9.    MISCELLANEOUS

2        9.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

3    seek its modification by the Court in the future.

4        9.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

5    Order no Party waives any right it otherwise would have to object to disclosing or producing any

6    information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

7    no Party waives any right to object on any ground to use in evidence of any of the material

8    covered by this Protective Order.

9        9.3    Filing Protected Material. Requests for redaction or sealing shall be governed by

10    General Local Rules 140 and 141 and the Court's Status (Pretrial Scheduling) Order (ECF No.

11    42). In accordance with the Court's Status (Pretrial Scheduling) Order (ECF No. 42), this

12    Protective Order shall not govern the filing of sealed or redacted documents on the public docket.

13    10.    FINAL DISPOSITION

14        Within 60 days after the final disposition of this action, each Receiving Party

15    must return all Protected Material to the Producing Party or destroy such material. As used in

16    this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries,

17    and any other format reproducing or capturing any of the Protected Material. Whether the

18    Protected Material is returned or destroyed, the Receiving Party must submit a written

19    certification to the Producing Party by the 60-day deadline that (1) identifies (by category, where

20    appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

21    Receiving Party has not retained any copies, abstracts, compilations, summaries or any other

22    format reproducing or capturing any of the Protected Material. Notwithstanding this provision,

23    Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

24

BISCHOFF, et al. v. BRITTAIN, et al., CASE NO. 2:14-cv-01970-KJM-CKD        Page 12
STIPULATION AND PROTECTIVE ORDER

1    and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

2    reports, attorney work product, and consultant and expert work product, even if such materials

3    contain Protected Material. Any such archival copies that contain or constitute Protected

4    Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

5    \\

6    \\

7    \\

8    \\

9    \\

10   \\

11   \\

12   \\

13   \\

14   \\

15   \\

16   \\

17   \\

18   \\

19   \\

20   \\

21   \\

22   \\

23   \\

24

BISCHOFF, et al. v. BRITTAIN, et al., CASE NO. 2:14-cv-01970-KJM-CKD          Page 13
STIPULATION AND PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Eastern District of California in the case of

*Bischoff, et al., v. Brittain, et al.*, No. 2:14-cv-01970-KJM-CKD. I agree to comply with and to

be bound by all the terms of the Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name],

of _____ [print or type full address and telephone

number], as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

BISCHOFF, et al. v. BRITTAIN, et al., CASE NO. 2:14-cv-01970-KJM-CKD          Page 14
STIPULATION AND PROTECTIVE ORDER

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2                                        Respectfully submitted,

3

Date:   October 27, 2015                    */s/ Todd Espinosa*
4                                        Todd Espinosa
                                         Law Office of Todd Espinosa
5                                        2000 Broadway Street, Suite 333
                                         Redwood City, California 94063
6                                        tie@toddespinosalaw.com
                                         650-241-3873 telephone
7                                        650-409-2550 facsimile
                                         *Attorney for Plaintiffs Scott Bischoff,*
8                                        *Leron Dempsey and Project Sentinel, Inc.*

9    \\

10   \\

11   \\

12   \\

13   \\

14   \\

15   \\

16   \\

17   \\

18   \\

19   \\

20   \\

21   \\

22   \\

23   \\

24

BISCHOFF, et al. v. BRITTAIN, et al., CASE NO. 2:14-cv-01970-KJM-CKD          Page 15
STIPULATION AND PROTECTIVE ORDER

1

2    Date:   October 27, 2015                        */s/ David D. MacMillan*
                                                     (as authorized on October 27, 2015)
3                                                    David D. MacMillan
                                                     The Costa Law Firm
4                                                    2489 Sunrise Boulevard, Suite A
                                                     Gold River, CA 95670
5                                                    Telephone: (916) 400-2734
                                                     Facsimile: (916) 400-2744
6                                                    Email: ddm@costalaw.net
                                                     *Attorneys for Defendants Sandra Brittain, Keith*
7                                                    *Johnson, RZM Investments Enterprise, LLC and*
                                                     *J.A. Brittain, Limited*

8    \\

9    \\

10   \\

11   \\

12   \\

13   \\

14   \\

15   \\

16   \\

17   \\

18   \\

19   \\

20   \\

21   \\

22   \\

23   \\

24

1

2

PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4

Dated:  October 28, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24