1  Todd Espinosa (SBN 209591)
   Law Office of Todd Espinosa
2  2000 Broadway Street
   Redwood City, California 94063
3  650-241-3873 telephone
   650-409-2550 facsimile
4  tie@toddespinosalaw.com

5  Kristine K. Meredith (SBN 158243)
   Danko Meredith
6  333 Twin Dolphin Drive, Suite 145
   Redwood Shores, California 94065
7  (650) 453-3600 telephone
   (650) 394-8672 facsimile
8  kmeredith@dankolaw.com

9  *Attorneys for Plaintiffs Scott Bischoff,*
   *Leron Dempsey and Project Sentinel, Inc.*

10

11

12                  UNITED STATES DISTRICT COURT

13              FOR THE EASTERN DISTRICT OF CALIFORNIA

14

15 | SCOTT BISCHOFF; LERON DEMPSEY; and | Case No. 2:14-cv-01970-KJM-CKD
    | PROJECT SENTINEL, INC.,             |
16  |                                      | **PLAINTIFFS' NOTICE OF RECENT**
    |         Plaintiffs,                  | **FAIR HOUSING ACT CONSENT**
17  |                                      | **JUDGMENT AND ATTORNEY FEE**
    | v.                                   | **AWARD**
18  |                                      |
    | SANDRA BRITTAIN; KEITH JOHNSON;      |
19  | RZM INVESTMENTS ENTERPRISE, LLC;     |
    | and J.A. BRITTAIN, LIMITED,          |
20  |                                      |
    |         Defendants.                  |
21

22

23

24
_____
BISCHOFF, et al. v. BRITTAIN, et al., CASE NO. 2:14-cv-01970-KJM-CKD
PLAINTIFFS' NOTICE OF RECENT CONSENT JUDGMENT AND FEE AWARD

On August 22, 2016, the Honorable Morrison C. England, Jr. of this Court issued a stipulated consent judgment in the Fair Housing Act action *Castellano, et al. v. Access Premier Realty, Inc., et al.*, No. 1:15-cv-00407-MCE-MJS (E.D. Cal.).  A true and correct copy of the consent judgment in the *Castellano* action is attached hereto as **Exhibit A**.

The consent judgment provides for an award of $115,000.00 in attorney fees and costs to the *Castellano* plaintiffs' counsel, Todd Espinosa, in accordance with 42 U.S.C. § 3613.  *See* Ex. A at ¶ 27.  As set forth in the parties' recitals and stipulation, Attorney Espinosa expended 233.9 billable hours at a billing rate of $480.00 per hour and incurred and advanced $5157.89 in costs and other expenses in litigating the *Castellano* action.  *See id*. at ¶ 13.

Respectfully submitted,

Date: August 23, 2016             /s/ Todd Espinosa
Todd Espinosa
Law Office of Todd Espinosa
2000 Broadway Street
Redwood City, California 94063
tie@toddespinosalaw.com
650-241-3873 telephone
650-409-2550 facsimile

Kristine K. Meredith
Danko Meredith
333 Twin Dolphin Drive, Suite 145
Redwood Shores, California 94065
(650) 453-3600 telephone
(650) 394-8672 facsimile
kmeredith@dankolaw.com

*Attorneys for Plaintiffs Scott Bischoff,
Leron Dempsey and Project Sentinel, Inc.*

# CERTIFICATE OF SERVICE

I, Todd Espinosa, hereby certify that on the date specified below, I caused the foregoing document and exhibit to be served on

>David D. MacMillan
>Ryan E. Abernethy
>The Costa Law Firm
>2489 Sunrise Boulevard, Suite A
>Gold River, CA 95670
>Telephone: (916) 400-2734
>Facsimile: (916) 400-2744
>Email: ddm@costalaw.net, rea@costalaw.net
>
>*Attorneys for Defendants Sandra Brittain, Keith Johnson, RZM Investments Enterprise, LLC and J.A. Brittain, Limited*

by electronic service through the Notice of Electronic Filing automatically generated at the time of the filing of the foregoing document through the Court's CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Date:   August 23, 2016          /s/ Todd Espinosa
                                 Todd Espinosa

**EXHIBIT A**

| | |
|---|---|
| Todd Espinosa (SBN 209591) | John P. Hallissy (SBN 155120) |
| Law Office of Todd Espinosa | Sacino, Bertolino & Hallissy |
| 2000 Broadway Street | A Professional Corporation |
| Redwood City, California 94063 | 608 University Avenue |
| 650-241-3873 telephone | Sacramento, California 95825 |
| 650-409-2550 facsimile | Telephone (916) 649-2214 |
| tie@toddespinosalaw.com | Facsimile (916) 649-9241 |
| *Attorney for Plaintiffs LaVonna Castellano and Project Sentinel, Inc.* | jhallissy@sbhlawoffice.com |
| | *Attorney for Defendants Access Premier Realty, Inc., Daniel Akulow, Dolores Valenzuela and Elvia J. Addison* |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVONNA CASTELLANO; and PROJECT SENTINEL, INC., | Case No. 1:15-cv-00407-MCE-MJS |
| Plaintiffs, | **CONSENT JUDGMENT AND STIPULATION OF THE PARTIES THERETO** |
| v. | |
| ACCESS PREMIER REALTY, INC. d/b/a Access Property Management; DANIEL AKULOW; DOLORES VALENZUELA; and ELVIA J. ADDISON, Individually and as Trustee, Disclaimer Trust, Addison Revocable Trust dated June 24, 1999, | |
| Defendants. | |

CASTELLANO, et al. v. ACCESS PREMIER REALTY, et al., No. 1:15-cv-00407-MCE-MJS
CONSENT JUDGMENT AND STIPULATION

# RECITALS AND STIPULATION

1. WHEREAS, Plaintiff LaVonna Castellano is a former tenant in a residential apartment complex located on Eucalyptus Avenue in Newman, California (referred to herein as the "Eucalyptus Avenue apartment complex");

2. WHEREAS, Plaintiff Project Sentinel, Inc. is a fair housing and housing counseling organization;

3. WHEREAS, Defendants Access Premier Realty, Inc., Daniel Akulow, Dolores Valenzuela and Elvia J. Addison (collectively referred to herein as "Defendants") were the owner and managers of the Eucalyptus Avenue apartment complex during the time that Plaintiff LaVonna Castellano resided there;

4. WHEREAS, in their First Amended Complaint (ECF No. 9), Plaintiffs LaVonna Castellano and Project Sentinel, Inc. (referred to collectively herein as "Plaintiffs") allege that Plaintiff LaVonna Castellano is over sixty years-old and suffers from multiple disabling mental and physical impairments — including chronic obstructive pulmonary disease, asthma, anxiety disorder and depression;

5. WHEREAS, Plaintiffs further allege that, in early 2013, Defendants refused to allow Plaintiff LaVonna Castellano to keep her emotional support animal, a tabby cat named "Mr. Munchkin," in her apartment at the Eucalyptus Avenue apartment complex as a reasonable accommodation of her disabilities;

6. WHEREAS, Plaintiffs further allege that Defendants took steps to terminate Plaintiff LaVonna Castellano's tenancy and required her vacate her apartment when she did not remove her emotional support animal, despite requests by Plaintiffs for reasonable accommodation of Plaintiff LaVonna Castellano's disabilities;

7. WHEREAS, Plaintiffs further allege that Defendants' conduct caused Plaintiffs harm including emotional distress, bodily injury, diversion of organizational resources and frustration of fair housing organizational mission;

8. WHEREAS, Plaintiffs have asserted claims under the Fair Housing Act, 42 U.S.C. §§ 3604(f) and 3617, based on Defendants' alleged refusal to provide reasonable accommodation of Plaintiff LaVonna Castellano's disabilities and Defendants' alleged interference with Plaintiff LaVonna Castellano's right to obtain reasonable accommodation under the Fair Housing Act;

9. WHEREAS, Plaintiffs seek actual and punitive damages, declaratory and injunctive relief and attorney fees and costs pursuant to 42 U.S.C. § 3613(c).

10. WHEREAS, Defendants have denied Plaintiffs' allegations in their Answer to the First Amended Complaint (ECF No. 11);

11. WHEREAS, in its April 15, 2016 order, the Court granted Plaintiffs' motion for partial summary judgment on Defendants' liability on both of Plaintiffs' claims under the Fair Housing Act, 42 U.S.C. §§ 3604(f) and 3617, and Defendant Elvia J. Addison's vicarious liability (ECF No. 38);

12. WHEREAS, after engaging in good faith negotiations with the assistance of counsel and a private mediator, Plaintiffs and Defendants (referred to collectively herein as the "Parties") wish to resolve their dispute without further litigation and the additional expenditure of time and resources that would be required on the part of the Parties, their counsel and the Court;

13. WHEREAS, as of August 8, 2016, Plaintiffs' counsel, Todd Espinosa, has expended 233.9 billable attorney hours in litigating this action at a billing rate of $480.00 per

hour, which does not include an additional 57.8 hours of non-billable administrative time, and has also incurred and advanced $5157.89 in costs and other expenses in litigating this action;

14. Based on the foregoing recitals, and good cause having been shown, by and through the execution of this document by their counsel, the Parties STIPULATE and AGREE that the following Consent Judgment in favor of Plaintiffs LaVonna Castellano and Project Sentinel, Inc. and against Defendants Access Premier Realty, Inc., Daniel Akulow, Dolores Valenzuela and Elvia J. Addison be entered forthwith as the final judgment in the above-captioned action, which shall be binding and enforceable if entered by the Court.

15. The Parties further STIPULATE and AGREE that all pending dates in the above-captioned action are hereby taken off calendar pending the Court's entry of the Consent Judgment as stipulated or a decision by the Court not to enter the Consent Judgment as stipulated.

16. The Parties further STIPULATE and AGREE that in the event that the Court does not enter the Consent Judgment as stipulated, the Parties may continue fully to litigate the above-captioned action notwithstanding any provision of this document.

17. The Parties further STIPULATE and AGREE that, because this document was prepared with the participation of all Parties and their counsel, the presumption that ambiguities be construed against the drafter shall not apply.

**CONSENT JUDGMENT**

18. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

19. By the consent and stipulation of the Parties and with good cause appearing, the Court has personal jurisdiction over Defendants, venue is proper in the Eastern District of

California and the Court has and retains continuing jurisdiction to enforce the provisions of this Consent Judgment.

20. Defendants shall pay Plaintiff LaVonna Castellano $110,000.00 in monetary compensation. Payment shall be made by a check payable to LaVonna Castellano and shall be delivered to Plaintiffs' counsel within 14 calendar days after the date of the entry of this Consent Judgment.

21. Defendants shall pay Plaintiff Project Sentinel, Inc. $50,000.00 in monetary compensation. Payment shall be made by a check payable to Project Sentinel, Inc. and shall be delivered to Plaintiffs' counsel within 14 calendar days after the date of the entry of this Consent Judgment.

22. In response to any inquiry or request, Defendants shall provide a neutral tenant reference for Plaintiff LaVonna Castellano stating that Plaintiff LaVonna Castellano rented an apartment at the Eucalyptus Avenue apartment complex and paid her rent on time.

23. Defendants Access Premier Realty, Inc. and Daniel Akulow, and any persons managing or operating residential rental property on behalf of Defendants Access Premier Realty, Inc. or Daniel Akulow, shall arrange for and attend, at Defendants Access Premier Realty, Inc.'s and Daniel Akulow's expense, three annual trainings on the fair housing and civil rights obligations of housing providers under federal and California law pertaining to disability discrimination and reasonable accommodation of disability. Defendants Access Premier Realty, Inc. and Daniel Akulow may select the training provider. The first annual training shall be completed within 90 calendar days after the date of the entry of this Consent Judgment. The second and third annual trainings shall be held in June, July or August 2017 and June, July or August 2018, respectively. All training sessions shall be attended in person and shall each be of at least two hours in duration. Defendants Access Premier Realty, Inc. and Daniel Akulow shall

file written proof of training attendance and completion with the Court no later than 14 calendar days after the completion of each annual training.

24. Upon the entry of this Consent Judgment, Defendants Access Premier Realty, Inc. and Daniel Akulow shall withdraw and rescind the policy entitled "Reasonable Accommodations Under the Fair Housing Act" that Defendant Daniel Akulow provided to the California Department of Fair Employment and Housing (referred to herein as the "Medical Specialist Documentation Policy"). Defendants Access Premier Realty, Inc. and Daniel Akulow shall not enforce and shall not allow any person acting on their behalf to enforce the Medical Specialist Documentation Policy or any other policy that would allow requests for reasonable accommodation of disability to be denied, refused or disregarded in circumstances where the Fair Housing Act, 42 U.S.C. § 3604(f), requires that reasonable accommodation of disability be provided.

25. Except as provided for herein, the Parties mutually waive and release each other and their counsel from all manner of actions, lawsuits, causes of actions, claims, money owed or indebtedness of any kind whatsoever that have accrued as of the date of the filing of the Parties' Stipulation to this Consent Judgment (referred to herein as the "Released Claims").

26. Upon the entry of this Consent Judgment, Defendants and any person acting on Defendants' behalf shall cease all collections activity related to the Released Claims, including collections activity related to Plaintiff LaVonna Castellano's tenancy or apartment at the Eucalyptus Avenue apartment complex. Defendants shall not transfer, sell or assign any Released Claim. In the event that Defendants have transferred, sold or assigned any Released Claim, including any claim or indebtedness related to Plaintiff LaVonna Castellano's tenancy or apartment at the Eucalyptus Avenue apartment complex, Defendants shall fully pay and satisfy such Released Claim within 30 calendar days after the date of the entry of this Consent

Judgment. In the event that Defendants or any person acting on Defendants' behalf have reported any Released Claim to a credit reporting agency, Defendants shall, within 30 calendar days after the date of the entry of this Consent Judgment, request each such credit reporting agency to delete and withdraw any report related to such Released Claim.

27. Plaintiffs are prevailing parties within the meaning of 42 U.S.C. § 3613 and are entitled to an award of reasonable attorney fees and costs from Defendants. Accordingly, Defendants shall pay Plaintiffs' counsel $115,000.00 in attorney fees and costs, which is a reasonable amount. Payment shall be made by a check payable to Todd Espinosa and shall be delivered to Plaintiffs' counsel within 14 calendar days after the date of the entry of this Consent Judgment.

28. In the event of a successful motion to enforce the provisions of this Consent Judgment, the successful movant shall be entitled to an award of reasonable attorney fees and costs on the motion.

Respectfully submitted, stipulated and agreed,

Date: August 17, 2016

/s/ Todd Espinosa
Todd Espinosa
Law Office of Todd Espinosa
2000 Broadway Street
Redwood City, California 94063
tie@toddespinosalaw.com
650-241-3873 telephone
650-409-2550 facsimile
*Attorney for Plaintiffs LaVonna Castellano and Project Sentinel, Inc.*

\\

\\

\\

\\

Date: August 17, 2016         /s/ John P. Hallissy
                              (as authorized on August 17, 2016)
                              John P. Hallissy
                              Sacino, Bertolino & Hallissy
                              A Professional Corporation
                              608 University Avenue
                              Sacramento, California 95825
                              Telephone (916) 649-2214
                              Facsimile (916) 649-9241
                              jhallissy@sbhlawoffice.com
                              *Attorney for Defendants Access Premier Realty, Inc., Daniel Akulow, Dolores Valenzuela and Elvia J. Addison*

**ORDER**

Based on the stipulation and agreement of the Parties, the filings in this action, and good cause appearing,

The Clerk of Court is hereby ordered to enter judgment in favor of Plaintiffs LaVonna Castellano and Project Sentinel, Inc. in accordance with the foregoing Consent Judgment.

IT IS SO ORDERED.

Dated: August 19, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE