1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SCOTT BISCHOFF, et al.,                    Case No. 2:14-cv-01970-KJM-CKD

12                  Plaintiffs,

13        v.                                    ORDER

14   SANDRA BRITTAIN, et al.,

15                  Defendants.

16

17

18              Plaintiffs Scott Bischoff, Leron Dempsey, and Project Sentinel, Inc. request

19   reconsideration of the magistrate judge's February 26, 2016 discovery order (ECF No. 88) under

20   28 US.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 303(c).  Req.

21   Recons., Mar. 11, 2016, ECF No. 96.  Specifically, they seek to modify the order to award

22   expenses in the amount claimed by their counsel.  *See* Pls.' Statement of Fees, ECF No. 84.

23   Defendants do not oppose the request.  The court decided the matter without a hearing.  As

24   explained below, the court grants plaintiffs' request to reconsider the February 26, 2016 order, but

25   refers the matter back to the magistrate judge to recalculate the award in the first instance in

26   accordance with this order.

27   /////

28   /////

                                              1

1    I.       BACKGROUND

2              On January 20, 2016, plaintiffs moved for the imposition of sanctions against

3    defendants Sandra Brittain, Keith Johnson, RZM Investments Enterprise, LLC, and J.A. Brittain,

4    Limited and their counsel under Federal Rule of Civil Procedure 37(b)(2) for their failure to

5    comply with the magistrate judge's October 15, 2015 order (ECF No. 54) granting plaintiffs'

6    motion to compel discovery.  Pls.' Mot. Sanctions, ECF No. 67.  Defendants opposed the motion.

7    Opp'n Mot. Sanctions, ECF No. 71.

8              On February 9, 2016, the magistrate judge ordered defendants to produce all

9    discovery required under the court's October 15, 2015 order.  Order 1, ECF No. 83 ("Feb. 9, 2016

10   Order").  The magistrate judge denied without prejudice plaintiffs' motion for sanctions but

11   awarded plaintiffs' attorney's fees and expenses incurred in connection with the motion.  *Id.* at 1–

12   2.  The judge directed plaintiffs' counsel to submit a statement of attorneys' fees and expenses

13   incurred, "including time spent on briefing the motion for sanctions, meeting and conferring on

14   the issues raised therein, and appear[ing] at the court hearing on the motion."  *Id.* at 2.

15             On February 19, 2016, plaintiffs' counsel, Todd Espinosa, filed a statement

16   requesting fees for 48.6 billable hours at an hourly rate of $375, as well as $1,424.40 in e-

17   discovery and travel expenses incurred in connection with the motion, together totaling

18   $19,649.40.  Pls.' Statement of Fees 1–4.  In the face of such a request, district courts generally

19   calculate attorney's fees based on the "lodestar," the product of the number of hours reasonably

20   expended and a reasonable hourly rate.  *See, e.g.*, *Camacho v. Bridgeport Fin., Inc*., 523 F.3d

21   973, 978 (9th Cir. 2008); *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-02219, 2015

22   WL 3453459, at *1 (N.D. Cal. May 29, 2015).  Plaintiffs' counsel submitted the following

23   breakdown of hours:

24             (a)  <u>1.5 hours</u> spent conferring with Defendants' counsel by
                  telephone regarding Defendants' incomplete discovery production
25                and responses and preparing a written summary of that telephone
                  conference;
26
27             (b)  <u>19.5 hours</u> spent conducting legal research, drafting Plaintiffs'
                  initial motion papers and supporting declaration and reviewing and
                  summarizing Defendants' further document production for those
28                papers and declaration;

2

(c) <u>5.1 hours</u> spent reviewing metadata for Defendant Sandra Brittain's skb1610@aol.com e-mail account and consulting with Plaintiffs' e-discovery vendor, Espy Case Litigation Solutions, regarding the compilation and summary of that metadata;

(d) <u>12.0 hours</u> spent reviewing Defendants' opposition papers and evidentiary objection, conducting legal research and further document review and drafting Plaintiffs' reply brief and the reply declaration;

(e) <u>6.5 hours</u> spent preparing for and attending the hearing on Plaintiffs' motion; and

(f) <u>4.0 hours</u> spent traveling to and from Sacramento to attend the hearing.

Statement of Fees 1; Espinosa Decl. ¶ 9, ECF No. 84-1.  Espinosa argued that $375 is a reasonable hourly rate because he has fifteen years of experience, primarily in the areas of housing law, fair housing, and consumer protection; he has a regular billing rate of $480 in the Bay Area market; and the court has awarded fees based on an hourly rate of $375 in comparable Sacramento-area civil rights cases for counsel with fewer years of experience.  Statement of Fees 2–3; Espinosa Decl. ¶¶ 1–8.

Plaintiffs' counsel also requested the following expenses: $1,177.20 paid to Espy Case Litigation Solutions for its metadata compilation and summary; $127.32 for one night of lodging in Sacramento before the February 3, 2016 hearing on the motion; and $119.88 for mileage based on the 222-mile round-trip to Sacramento to attend the motion hearing.  Statement of Fees 3–4; Espinosa Decl. ¶ 12.

In response, defendants argued that the requested award should be reduced by one-half or two-thirds.  Resp. to Statement 2, ECF No. 86.  As to the hourly rate, they argued that Espinosa's rate should be reduced from $375 to $250.  *Id.* at 5–6.  As to the claimed hours, they argued that certain tasks, such as document review and summarizing, should be excluded as duplicative of "regular" discovery work.  *Id.* at 3.  Defendants argued that the 6.5 hours claimed to prepare for and attend the hearing was "simply breathtaking" and "excessive by at least a factor of 2," and that plaintiffs' counsel should not be awarded any fees or expenses arising from their need to travel to Sacramento from their office in Redwood City.  *Id.* at 3–4 & 4 n.1.  Finally, they argued the 5.1 hours "reviewing metadata for Defendant Sandra Brittain's e-mail account and

3

1  consulting with Plaintiffs' e-discovery vendor" should be excluded, because that work was not

2  connected to the sanctions motion and would have been performed regardless of whether

3  defendants had produced the required documents. *Id.* at 4–5. They likewise sought exclusion of

4  the requested Espy metadata expenses. *Id.* at 5 n.1. Overall, defendants contended the claimed

5  amount of 48.6 hours was "facially excessive" and unreasonable. *Id.* at 2.

6    On February 26, 2016, the magistrate judge found that plaintiffs reasonably

7  incurred expenses for twenty-five hours of work at an hourly rate of $250 in connection with the

8  sanctions motion. Order 1, ECF No. 88 ("Feb. 26, 2016 Order"). Specifically, the order

9  provided, in relevant part:

10
> Plaintiff's [sic] claimed number of hours incurred in connection
> with the sanctions motion is excessive, as is the hourly rate. The
11    claimed expenses were not reasonably incurred in connection with
> the motion. The court finds that 25 hours at the hourly rate of $250
12    were reasonably incurred in connection with the motion. Expenses
> are therefore awarded to plaintiff in the amount of $6,250 against
13    defendants; said expenses shall be paid within fourteen days from
> the date of this order.
14

15  *Id.* at 1–2.

16    On March 11, 2016, plaintiffs filed the instant request for reconsideration of the

17  magistrate judge's February 26, 2016 order. Req. Recons., ECF No. 96. They argue the order

18  "constitute[d] an abuse of discretion because it [did] not articulate its reasoning and is contrary to

19  Federal Rule of Civil Procedure 37(b)(2)(C)." *Id.* at 1. Rule 37(b)(2)(C) provides in pertinent

20  part that when a party fails to comply with a court order, "the court must order the disobedient

21  party, the attorney advising that party, or both to pay the reasonable expenses, including

22  attorney's fees, caused by the failure . . . ." Although the magistrate judge did not expressly cite

23  Rule 37(b)(2)(C), plaintiffs assume from the circumstances that the award was made under that

24  provision. They argue the magistrate judge misapplied the law by limiting the expenses awarded

25  to those incurred in connection with the sanctions motion, rather than those incurred as a result of

26  defendants' failure to comply with the October 15, 2015 discovery order. Req. Recons. 13–14.

27  /////

28  /////

1    II.     STANDARD OF REVIEW

2           Courts review requests to reconsider a magistrate judge's nondispositive pretrial

3    order under the "clearly erroneous or contrary to law" standard.  Fed. R. Civ. P. 72(a); 28 U.S.C.

4    § 636(b)(1)(A); *see also* Local Rule 303(f).  "A finding is 'clearly erroneous' when although

5    there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite

6    and firm conviction that a mistake has been committed."  *Concrete Pipe & Prods. v. Constr.*

7    *Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (quoting *United States v. U.S. Gypsum Co.*,

8    333 U.S. 364, 395 (1948)).  "[R]eview under the 'clearly erroneous' standard is significantly

9    deferential . . . ."  *Id.* at 623.

10          "The 'contrary to law' standard allows independent, plenary review of purely legal

11   determinations by the magistrate judge."  *Estate of Stephen E. Crawley v. Robinson*,

12   No. 13-02042, 2015 WL 3849107, at *2 (E.D. Cal. June 22, 2015).  "An order is contrary to law

13   when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Id.*

14   (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)).

15          In reviewing a request for reconsideration, the district court "may not simply

16   substitute its judgment for that of the deciding court."  *Grimes v. City of San Francisco*, 951 F.2d

17   236, 241 (9th Cir. 1991).  "To succeed [on a request for reconsideration], a party must set forth

18   facts or law of a strongly convincing nature to induce the court to reverse its prior decision."

19   *Enriquez v. City of Fresno*, No. 10-0581, 2011 WL 1087149, at *1 (E.D. Cal. Mar. 23, 2011).

20   III.    DISCUSSION

21          A court abuses its discretion to award attorneys' fees if it does not articulate the

22   reasons behind the award.  *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1147–50 (9th Cir.

23   2001); *Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992); *see also Hensley v. Eckerhart*,

24   461 U.S. 424, 437 (1983) (court should provide a "concise but clear explanation of its reasons for

25   the fee award").  Here, the magistrate judge did not provide reasons for the determinations that

26   the claimed hours and hourly rate were "excessive" or that the requested electronic discovery

27   vendor, lodging, and mileage expenses "were not reasonably incurred."  Feb. 26, 2016 Order 1–2.

28   Accordingly, the order reflects an abuse of discretion as that term is understood in a court of law.

1    In addition, if the magistrate judge awarded the expenses under Federal Rule of

2    Civil Procedure 37(b)(2)(C), she misapplied that provision by limiting the expenses awarded to

3    only those incurred "in connection with" plaintiffs' sanction motion. *See True Health*

4    *Chiropractic, Inc.*, 2015 WL 3453459, at *2 ("The critical question [under Rule 37] is not

5    whether Plaintiffs' requested fees are related to their motion for sanctions, but whether they were

6    'caused by the [Defendants' unjustified] failure' to obey this courts' prior discovery order."

7    (quoting Fed. R. Civ. P. 37(b)(2)(C))).  Rule 37(b)(2)(C) provides that the court "must" order the

8    disobedient party and/or attorney to pay the reasonable expenses "caused by the failure [to

9    comply with the court's discovery order], unless the failure was substantially justified or other

10   circumstances make an award of expenses unjust."  *See Clear-View Techs., Inc. v. Rasnick*,

11   No. 13-02744, 2015 WL 2251005, at *8 (N.D. Cal. May 13, 2015) ("[W]here there is no

12   substantial justification or injustice . . . Rule 37 sanctions are mandatory and must be applied

13   diligently . . . ." (internal quotation marks and citation omitted)).  The magistrate judge here

14   improperly limited any expenses awarded based on the rule without showing that an award of all

15   reasonable expenses would be unjust.

16   Because the magistrate judge did not explain the legal authorities or factual

17   findings upon which her determination relied, the court is unable to meaningfully assess the

18   reasonableness of the expenses awarded.  *See Gates*, 987 F.2d at 1400.  The court is left guessing

19   how the magistrate judge determined a reduction in the amount claimed by plaintiffs and which

20   items she in fact eliminated.

21   The magistrate judge has adjudicated all discovery motions in this case, including

22   the underlying motions for sanctions and to compel discovery, so she is in the best position to

23   calculate in the first instance the reasonable expenses and attorneys' fees caused by defendants'

24   failure to comply with her October 15, 2015 discovery order.  *Cf. Ferland*, 244 F.3d at 1148

25   (remanding for the district court to recalculate the award); *McGrath v. Cty. of Nevada*, 67 F.3d

26   248, 253 (9th Cir. 1995) (if a district court fails to provide a clear explanation for an award, the

27   Ninth Circuit remands the award for the court to provide an explanation).  For example, it is not

28   apparent to this court whether plaintiffs' requested e-discovery costs were caused by defendants'

6

1   failure to comply with the order or would have been incurred regardless.  It is also not clear

2   whether any circumstances exist that would make an award of all reasonable expenses unjust.

3   Rather than recalculate the reasonable expenses, as requested by plaintiffs, the undersigned will

4   refer the matter back to the magistrate judge to recalculate the award in accordance with this

5   order.

6   IV.    <u>CONCLUSION</u>

7           The court GRANTS plaintiffs' request to vacate that portion of the magistrate

8   judge's February 26, 2016 order (ECF No. 88) awarding attorneys' fees and expenses.  This

9   matter is REFERRED back to the magistrate judge to recalculate the award in the first instance in

10  accordance with this order, providing explanations for her reasons and identifying the

11  circumstances, if any, justifying a departure from a full award of reasonable expenses under Rule

12  37(b)(2)(C).

13          IT IS SO ORDERED.

14   DATED:  September 15, 2016.

15
16
17  UNITED STATES DISTRICT JUDGE
18
19
20
21
22
23
24
25
26
27
28