UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BISCHOFF, et al., | No. 2:14-cv-1970 KJM CKD |
| Plaintiffs, | |
| v. | ORDER |
| SANDRA BRITTAIN, et al., | |
| Defendants. | |

Plaintiffs' motion for sanctions came on regularly for hearing on October 5, 2016. Todd Espinosa appeared for plaintiffs. Ryan Abernethy and David MacMillan appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, plaintiffs allege federal and state law claims against the management and owner of an apartment complex, "Birchwood Gardens." Plaintiffs allege defendants engaged in discriminatory housing practices by intimidating, threatening and interfering with families of children renting apartments at the complex.

This case has previously come before the undersigned on plaintiffs' motion to compel further production of documents and further responses to interrogatories, which was granted on October 15, 2015. ECF No. 54. Defendants were ordered to produce all responsive documents, without objection, no later than November 6, 2015. This matter again came before the

1

undersigned in February, 2016 on plaintiffs' motion for sanctions due to defendants' failure to comply with the October 15, 2015 order.  On the motion for sanctions, plaintiffs contended that defendants' further responses to interrogatories nos. 2 and 14 were incomplete and evasive.  By order filed February 9, 2016, defendants were ordered to produce further documents; the motion for sanctions was denied without prejudice to its renewal after review by plaintiffs' counsel of the further production.  ECF No. 83.

Plaintiffs now renew the motion.  Plaintiffs contend that terminating sanctions are appropriate because defendants have failed to comply fully with the October 15, 2015 and February 9, 2016 orders.  Plaintiffs also contend that defendants failed to sufficiently identify the search terms used for locating responsive e-mails.  Plaintiffs further contend that defendants did not properly preserve internal faxes and thus have spoliated relevant and discoverable documents.  Plaintiffs seek the imposition of a sanction of default.  In the alternative plaintiffs seek an order directing that facts related to defendants' discriminatory motives be taken as established.

As an initial matter, plaintiffs fail to satisfactorily explain why the instant motion has been brought at such a late date, six months after all the documents and further responses to interrogatories were produced in March, 2016, and with an incipient trial date of November 7, 2016.[1]  It also appears from the record before the court that plaintiffs' counsel did not meaningfully meet and confer prior to filing the motion.  Despite the court's concerns whether this matter is properly before the undersigned at this time, the court will address the substantive merits of plaintiffs' motion.

Imposing the drastic sanction of default requires an initial finding that the violation of a court order was due to willfulness, bad faith, or the fault of the party.  See In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996); see also Henry v. Gill Indus., 983 F.2d 943, 946 (9th Cir.1993).  If this initial finding is made, the court then weighs five factors to determine whether

---

[1] The trial was recently continued to December 5, 2016. ECF No. 175. Several motions in limine were filed on September 16, 2016. ECF Nos. 138-144, 149-165. The instant motion was filed five days later on September 21, 2016. ECF No. 167. Although the court denied the prior motion for sanctions without prejudice to its renewal after review of the documents by plaintiffs' counsel, the court would have expected any motion for sanctions to have been filed shortly after defendants produced the documents in March.

the sanction of default for noncompliance with discovery is appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir.1987) citing Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir. 1986); see also Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007); Valley Engineers Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

At issue are defendants' responses to interrogatories nos. 2 and 14. Interrogatory no. 2 asks defendants to "Provide the names, apartment unit numbers, dates of occupancy, dates of birth and current telephone, e-mail and postal address contact information for all persons who have rented an apartment or resided in Birchwood Gardens at any time since January 24, 2012, including those who are currently doing so." Interrogatory no. 14 asks defendants to "State the name, complete address, number of rental units, parcel number, owner, property manager and property management company for each residential rental property owned, operated or managed by any Defendant."

Defendants contend that before March 9, 2016, complete amended responses were provided that gave detailed information on all 130 tenants who ever resided at Birchwood and complete information for all 74 properties managed by defendant Brittain Commercial. Several thousand additional documents (electronically stored documents comprising emails and facsimiles) were also provided. On March 28, 2016, counsel MacMillan provided a declaration explaining the search methods employed to generate the additional documents.

Defense counsel contends that the emails between himself and his clients which were inadvertently produced in discovery do not demonstrate willful disobedience of the court's order as plaintiffs assert. The October 30, 2015 email, defense counsel contends, supports his representation at the February 3, 2016 hearing on the prior motion for sanctions that he thought the interrogatory called only for production of properties operated or properties owned but not both. The court corrected this misapprehension at the hearing. With respect to the February 16,

2016 email between defense counsel and his clients, plaintiff contends this again shows bad faith because counsel limited the document production to just Birchwood Gardens. However, the request for production of documents at issue, no. 36, asks for "All documents created, sent or received by any Defendant at any time since January 24, 2012 that discuss, reference or describe Birchwood Gardens, the management or operation of Birchwood Gardens, any tenant or resident of Birchwood Gardens, any applicant to Birchwood Gardens, families with children, children or pregnancy." Since Birchwood Gardens is repeatedly referenced in the call for documents, it appears reasonable for defense counsel to ask his client to limit the production to Birchwood Gardens, particularly since the date range (January 24, 2012 onward) incorporates the date this apartment complex was purchased by defendant RZM.

Plaintiffs also contend that counsel MacMillan's March 28, 2016 declaration regarding the search reveals gaps and inconsistencies. However, plaintiffs were previously informed that defendant Brittain Commercial is the only defendant who operates or manages properties and all the information for the 74 properties has been provided. As to properties "owned," only defendant RZM owns properties (two) and those were identified in the November 2015 supplemental response.

Plaintiffs further contend the March 28, 2016 declaration fails to provide sufficient detail regarding the search and that the search was inappropriately limited to 44 email addresses identified in plaintiffs' metadata report. Counsel MacMillan declared he used the following search terms: "Birchwood Gardens, 1225 Bell Street [the street address of Birchwood Gardens and most common reference in the internal emails for Birchwood Gardens], Scott Bischoff, Leron Dempsey, apartment numbers 129 and 230, other tenants' names who had been the subjects of tenant complaints and landlord warnings, children, and a few others I do not recall at this time." Since additional search terms would simply expand the scope of documents produced, the failure of defense counsel to record all the search terms is harmless. In addition, plaintiffs' counsel could not articulate any additional terms that should have been employed so as to capture all responsive documents. The 44 names include Brittain Commercial's entire internal staff along with others who communicated with Sandra Brittain through her AOL email account. The court

finds that the search conducted by defendants was adequate and sufficient to find all responsive documents.

Plaintiffs further contend that defendants engaged in spoliation by not preserving facsimiles. Defendants contend that none of the hard copies of the documents that were faxed were ever destroyed and that warning notices and other tenant complaints were always placed in tenants' files and preserved there. The hard copies from tenant files have already been produced. Defendant Keith Johnson has provided a declaration wherein he avers "Faxes with Birchwood Gardens were seldom used for communications pertaining to tenant personal behavior problems. Those were dealt with almost exclusively by emails after February 2014. On occasions that a fax involved a tenant's behavior issues, it has been my custom and practice to always retain the hard copy and place it into the tenant's file. Most of the 24 files I gave to my attorney that the plaintiffs' lawyer asked for had such faxed 'hard copies' in them." Reviewing the entire record, the court finds that defendants did not engage in spoliation.

The court concludes there has been no willful disobedience of the court's discovery orders. All responsive documents were produced in sufficient time for use by counsel under the revised scheduling order. ECF No. 82.[2] Entry of default or evidentiary sanctions is not warranted.

Accordingly, IT IS HEREBY ORDERED that plaintiffs' motion for sanctions (ECF No. 167) is denied.

Dated:  October 26, 2016

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 bischoff1970.oah.3

---

[2] Although plaintiffs' counsel contended at the hearing that plaintiffs' retained expert did not have sufficient time to properly review and utilize the documents produced in March, 2016, counsel also acknowledged that the retained expert probably did not have the expertise to perform certain tasks even if afforded additional time.